UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| DAVID EASTMAN, | ) | No. ED CV 07-1522-PLA |
|           Petitioner, | ) ) | **MEMORANDUM OPINION AND ORDER** |
|    v. | ) ) | |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) ) ) ) | |
|           Defendant. | ) ) | |

**I.**

**PROCEEDINGS**

Plaintiff filed this action on December 17, 2007, seeking review of the Commissioner's denial of his application for Supplemental Security Income payments. The parties filed Consents to proceed before the undersigned Magistrate Judge on December 26, 2007, and April 16, 2008. Pursuant to the Court's Order, the parties filed a Joint Stipulation on August 15, 2008, that addresses their positions concerning the disputed issues in the case. The Court has taken the Joint Stipulation under submission without oral argument.

## II.

## BACKGROUND

Plaintiff was born on November 14, 1986. [Administrative Record ("AR") at 49, 56.] He has a tenth grade education [AR at 213], and has no past work experience. [AR at 60.]

On February 28, 2005, plaintiff protectively filed his application for Supplemental Security Income payments, alleging that he has been disabled since October 1, 2003, due to bipolar disorder, attention deficit hyperactivity disorder ("ADHD"), and anger management problems. [AR at 49-50, 56, 59.] After his application was denied initially and on reconsideration, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). [AR at 34, 36-41, 44-48.] The hearing was held on July 5, 2007, at which time plaintiff appeared with counsel and testified on his own behalf. Plaintiff's mother and a vocational expert also testified. [AR at 209-30.] On July 24, 2007, the ALJ determined that plaintiff was not disabled. [AR at 11-17.] On October 1, 2007, when the Appeals Council denied plaintiff's request for review, the ALJ's opinion became the final decision of the Commissioner. [AR at 3-5.] This action followed.

## III.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards. Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, the term "substantial evidence" means "more than a mere scintilla but less than a preponderance -- it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." Moncada, 60 F.3d at 523; see also Drouin, 966 F.2d at 1257. When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. Drouin, 966 F.2d at 1257; Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Where the evidence is susceptible to more than one rational interpretation, the Court

must defer to the decision of the Commissioner. Moncada, 60 F.3d at 523; Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995); Drouin, 966 F.2d at 1258.

## IV.

## **THE EVALUATION OF DISABILITY**

Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or which has lasted or is expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A); Drouin, 966 F.2d at 1257.

**A.     THE FIVE-STEP EVALUATION PROCESS**

The Commissioner (or ALJ) follows a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996). In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied. Id. If the claimant is not currently engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting his ability to do basic work activities; if not, a finding of nondisability is made and the claim is denied. Id. If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R., Part 404, Subpart P, Appendix 1; if so, disability is conclusively presumed and benefits are awarded. Id. If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity" to perform his past work; if so, the claimant is not disabled and the claim is denied. Id. The claimant has the burden of proving that he is unable to perform past relevant work. Drouin, 966 F.2d at 1257. If the claimant meets this burden, a prima facie

case of disability is established. The Commissioner then bears the burden of establishing that the claimant is not disabled, because he can perform other substantial gainful work available in the national economy. The determination of this issue comprises the fifth and final step in the sequential analysis. 20 C.F.R. §§ 404.1520, 416.920; Lester, 81 F.3d at 828 n.5; Drouin, 966 F.2d at 1257.

**B.    THE ALJ'S APPLICATION OF THE FIVE-STEP PROCESS**

In this case, at step one, the ALJ found that plaintiff had not engaged in any substantial gainful activity since the date of his application. [AR at 13.] At step two, the ALJ concluded that plaintiff has the "severe" impairments of bipolar disorder and ADHD. [Id.] At step three, the ALJ determined that plaintiff's impairments do not meet or equal any of the impairments in the Listing. [AR at 13-14.] The ALJ further found that plaintiff retained the residual functional capacity ("RFC")[1] to perform entry level work at all exertional levels as long as the job involves working with things rather than people. [AR at 14.] At step four, the ALJ concluded that plaintiff had no past relevant work. [AR at 16.] At step five, the ALJ found, using the Medical-Vocational Guidelines and the vocational expert's testimony, that there are a significant number of jobs that plaintiff is capable of performing. [AR at 16-17.] Accordingly, the ALJ determined that plaintiff is not disabled. [AR at 11-17.]

**V.**

**THE ALJ'S DECISION**

Plaintiff contends that the ALJ misrepresented the findings of the consultative examining psychiatrist, failed to consider the assessments of the state agency physicians, and did not pose a complete hypothetical to the vocational expert. Joint Stipulation ("Joint Stip.") at 2-3. As set forth below, the Court agrees with plaintiff, in part, and remands the matter for further proceedings.

---

[1] RFC is what a claimant can still do despite existing exertional and nonexertional limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

4

**The Hypothetical**

An ALJ can pose hypothetical questions to the vocational expert to determine whether a claimant can engage in gainful employment. See Osenbrock v. Apfel, 240 F.3d 1157, 1162-63 (9th Cir. 2001). "A vocational expert's testimony in a disability benefits proceeding 'is valuable only to the extent that it is supported by medical evidence.'" Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984) (citation omitted) (where claimant's allegations of disabling pain were supported by medical evidence, and the ALJ had no clear and convincing reasons to reject such claims, pain should have formed a part of the ALJ's question to the expert). "If the assumptions in the hypothetical are not supported by the record, the opinion of the vocational expert that claimant has a residual working capacity has no evidentiary value. The most appropriate way to insure the validity of the hypothetical question posed to the vocational expert is to base it upon evidence appearing in the record, *whether it is disputed or not.*" Id. at 1456 (emphasis added). See also Nguyen v. Chater, 100 F.3d 1462, 1466 n.3 (9th Cir. 1996) ("Because the hypothetical was incomplete, it does not constitute competent evidence to support a finding that claimant could do the jobs set forth by the vocational expert."). Hypothetical questions posed to a vocational expert must set forth all of the limitations and restrictions of a particular claimant. Andrews, 53 F.3d at 1043; Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988).

After finding, among other things, that plaintiff has slight limitations with regard to concentration, persistence or pace, the ALJ concluded that plaintiff could perform entry level work at all exertional levels, as long as the job involved working with things rather than people. [AR at 13-14.] In posing the hypothetical to the vocational expert, however, the ALJ presented only the "work[] strictly with things rather than with people" limitation, and no other restrictions. [AR at 227.] In response to the ALJ's hypothetical, the vocational expert testified that "[a] person with those limitations could perform a wide range of unskilled work that precludes contact with others." [AR at 228.] The ALJ adopted the vocational expert's response to the hypothetical in his decision dated July 24, 2007. [AR at 17.]

Plaintiff contends that the hypothetical question was incomplete in that it did not accurately describe plaintiff's impairments. Thus, the vocational expert could not appropriately assess

whether jobs exist that plaintiff can perform in light of the extent of his limitations. Joint Stip. at 9. Specifically, plaintiff argues that the hypothetical did not include certain functional limitations described by Dr. David Bedrin, or the moderate limitations set forth by the State Agency psychiatrists. Dr. Bedrin conducted a consultative psychiatric examination of plaintiff on May 12, 2005, and concluded that while plaintiff could carry out simple one- and two-step job instructions, and has no impairment in his ability to deal with the public, he may be impaired in carrying out complex job instructions secondary to memory and concentration problems. [AR at 112-16.] State Agency physician K. Peterson found that plaintiff was moderately limited in his ability to understand and remember detailed instructions, and in his ability to carry out detailed instructions and maintain attention and concentration for extended periods. [AR at 117.] Another State Agency physician, Dr. K.J. Loomis, concluded on August 5, 2005, that plaintiff is moderately limited in his ability to understand and remember detailed instructions, ability to carry out detailed instructions, and ability to interact appropriately with the general public. [AR at 152-53.] The hypothetical contained no limitations relating to plaintiff's ability to maintain attention or concentration, or his ability to understand and carry out detailed instructions.

While "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician *or* a treating physician" (Lester, 81 F.3d at 831 (emphasis in original)), the opinion of a non-examining physician may serve as substantial evidence when it is consistent with other independent evidence in the record. Id. at 830-31. "A report of a non-examining, non-treating physician should be discounted and is not substantial evidence when contradicted by all other evidence in the record." See Gallant v. Heckler, 753 F.2d 1450, 1454 (9th Cir. 1984) (quoting Millner v. Schweiker, 725 F.2d 243, 245 (4th Cir. 1984). The finding of the State Agency physician that plaintiff is moderately limited in his ability to maintain attention and concentration for extended periods is <u>not</u> contradicted by all other evidence in the record. Indeed, Dr. Bedrin, whose conclusions the ALJ recites in the opinion, found that plaintiff's inability to perform complex job instructions was *secondary to memory and concentration problems*. Yet such problems were not specifically

rejected by the ALJ or included in the hypothetical posed to the vocational expert.[2] In fact, the ALJ decided that plaintiff has such a restriction, albeit a mild one. Nevertheless, the ALJ failed to present even this limitation in the hypothetical to the vocational expert.

While defendant contends that the ALJ did consider the opinions of the State Agency physicians by his reference to Social Security Ruling 96-6p and his findings concerning plaintiff's "B criteria" (Joint. Stip. at 8), there are absolutely no grounds provided for rejecting Dr. Peterson's opinion that plaintiff is moderately limited in his ability to maintain attention and concentration for extended periods, or for adopting that conclusion to the extent he found that plaintiff has mild limitations on concentration, persistence or pace. As the ALJ did not offer clear reasons supported by substantial evidence in the record for rejecting the State Agency physician's restriction, and did not give the vocational expert the opportunity to opine as to the effect even a mild restriction on concentration would have on plaintiff's ability to perform those jobs found to exist both regionally and nationally, the ALJ failed to present a complete hypothetical. Neither did the limitation in the hypothetical to entry level work cure the defect. See, e.g., Thomas v. Barnhart, 278 F.3d 947, 956 (9th Cir. 2002) (citing Newton v. Chater, 92 F.3d 688, 695 (8th Cir. 1996) ("holding that ALJ's finding on [Psychiatric Review Technique Form] that the claimant would often manifest deficiencies of concentration, persistence or pace resulting in failure to complete tasks in a timely manner was not adequately presented when ALJ's hypothetical limited the claimant to simple jobs")). Remand is warranted on this issue.[3]

---

[2] The Court notes that Dr. Bedrin's opinion that plaintiff may be impaired in carrying out complex job instructions secondary to memory and concentration problems, and the State Agency physicians' conclusions that he is limited in his ability to understand and carry out detailed instructions, were also not specifically rejected by the ALJ or included in the hypothetical. These limitations, however, were arguably adopted by the limitation imposed by the ALJ that plaintiff could perform only entry level work and the expert's opinion that plaintiff could perform unskilled work (which presumably does not require detailed or complex instructions). The same cannot be said for the limitations on concentration, persistence or pace that the ALJ found to exist, but which were not included in the hypothetical. On remand, however, all limitations should be included in any hypothetical presented to a vocational expert, or legitimate reasons for rejecting the limitations should be provided.

[3] As the ALJ's consideration on remand of plaintiff's limitations presented to the vocational expert may impact the other issues raised by plaintiff in the Joint Stipulation, the Court

## VI.

## **REMAND FOR FURTHER PROCEEDINGS**

As a general rule, remand is warranted where additional administrative proceedings could remedy defects in the Commissioner's decision. See <u>Harman v. Apfel</u>, 211 F.3d 1172, 1179 (9th Cir.), <u>cert</u>. <u>denied</u>, 531 U.S. 1038 (2000); <u>Kail v. Heckler</u>, 722 F.2d 1496, 1497 (9th Cir. 1984). In this case, remand is appropriate for proper consideration of plaintiff's limitations in determining the existence of jobs that plaintiff may be able to perform. The ALJ is instructed to take whatever further action is deemed appropriate and consistent with this decision.

Accordingly, **IT IS HEREBY ORDERED** that: (1) plaintiff's request for remand is **granted**; (2) the decision of the Commissioner is **reversed**; and (3) this action is **remanded** to defendant for further proceedings consistent with this Memorandum Opinion.

DATED: August 26, 2008

*/s/ Paul L. Abrams*

PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

---

will exercise its discretion not to further address those issues in this Order.

8